**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LEROY J. SMITH,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 10-CV-0087-CVE-PJC |
| | ) |
| **TULSA COUNTY SHERIFF'S DEP'T;** | ) |
| **DET. OFFICER HASTINGS,** | ) |
| | ) |
|       **Defendants.** | ) |

**OPINION AND ORDER**

On February 5, 2010, Plaintiff, a prisoner appearing *pro se*, submitted a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff also submitted two (2) summonses, two (2) USM-285 Marshal service forms, and three (3) incomplete copies of the complaint. As discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* should be granted. Nonetheless, Plaintiff shall be responsible for payment of the full $350 filing fee in monthly installments. The Court further finds that Defendant Tulsa County Sheriff's Department should be dismissed from this action.

**A. Motion to proceed *in forma pauperis***

Upon review of Plaintiff's motion to proceed *in forma pauperis*, the Court concludes that Plaintiff is without funds in his institutional account(s) sufficient to prepay the full filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed *in forma pauperis* shall be granted. Pursuant to 28 U.S.C. §1915(b)(1), however, Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Within thirty (30) days of the entry of this Order, Plaintiff shall pay an initial partial filing fee of **$12.93** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate account for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. §1915(b). Plaintiff is advised that unless by the date specified below he has either (1) paid the initial partial filing fee, or (2) shown cause in writing for the failure to pay, this action will be subject to dismissal without prejudice to refiling.

After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison accounts until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect, when Plaintiff's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that monthly payments will be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B. Defendant Tulsa County Sheriff's Department shall be dismissed**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Under 28 U.S.C. § 1915A, the Court is required to screen a complaint filed by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity, and to dismiss the complaint, or any portion of the complaint, if it fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(a), (b). In this case, Plaintiff asserts one (1) claim arising from an incident at the Tulsa County Jail. As defendants, he names the Tulsa County Sheriff's Department and Detention Officer Hastings. Plaintiff states that on or about December 24, 2009, he was handcuffed and physically assaulted by Defendant Hastings. See Dkt. # 1. Plaintiff asks for "compensatory and punitive damages." See id.

Under well established law, "Tulsa County Sheriff's Department" is not a proper defendant in this civil rights action. While a city, county, or municipality may be named as a defendant in a civil rights action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants in a § 1983 action. Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds*, Tyus v. Martinez, 475 U.S. 1138 (1986); Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 826 (D. N.J. 1993). Therefore, the Court finds that "Tulsa County Sheriff's Department" shall be dismissed from this action.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2) is **granted**.

2. Within thirty (30) days of the entry of this Order, or by **March 12, 2010**, Plaintiff shall submit an initial partial payment of **$12.93**, or show cause in writing for his failure to do so.

3. Defendant Tulsa County Sheriff's Department is **dismissed** from this action.

4

**Failure to comply with this order may result in the dismissal of this action without prejudice and without further notice.**

    **DATED** this 10th day of February, 2010.

                                              CLAIRE V. EAGAN, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT